JIMMY RICHARDSON V. STATE.

No. 26,225. February 25, 1953.
State's Motion for Rehearing Denied.
(Without Written Opinion) May 13, 1953.

*Mac L. Bennett, Jr.,* Normangee, for appellant.

*John B. McDonald,* District Attorney, Palestine, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The offense is rape; the punishment assessed is death.

Our final disposition of this case precludes the necessity of setting out the full facts herein. Suffice it to say, however, that this is a case of a Negro man forcibly entering the home of a 15-year-old white girl, carrying her away therefrom for some distance and desecrating her body over her active resistance.

There are five bills of exception in the record, all relating to the argument of the district attorney before the jury.

Bill of Exception No. 1 sets out the following argument:

"Gentlemen, we have tried the restraining influence of religion and the elevating forces of education on this negro in vain. What are we going to do with this unclean creature, who has violated the very cradle to please the lust of his heart? Haven't we promised to give little girls protection from moral destruction? If you turn a deaf ear to the thousands of mothers, who have daughters of her age, haven't you formed a league with Death and a covenant with hell?"

Bill of Exception No. 2 reflects the following argument:

"And a man who has carnal intercourse with a child, such as this case, with or without her consent, must die. That's the only punishment for him. It is your duty which you cannot shirk to so decree. If the question were submitted to a vote of the very bawdy house keepers and the blacklegs of this country, it would carry by a big majority that he should die. For even they still retain some respects—."

To this latter argument appellant's attorneys objected and the careful trial court sustained such objection and instructed the jury to disregard the same, but refused to declare a mistrial.

Bill of Exception No. 3 complains of the following argument:

"Many daughters of men today are in their teens and reaching their teens. This is the country that supported the laws to shield from desecration the crystal cup; they are sending missionaries all over the world to take the Bible to the heathens; they are tithing themselves to build churches all over the world, anything less than death for this—this foul being would be condoning the very act that he committed."

Bill of Exception No. 4 reflects the following argument:

"This negro is a lustful animal, without anything to transform to any kind of valuable citizen, because he lacts the very fundamental elements of mankind. You cannot gather dates from thorns nor can you get figs from thistles; you cannot get a nightingale from a goose egg, nor can you make a gentleman out of a jackass."

Bill of Exception No. 5 complains of the following additional argument:

"If I might recount the particulars of this terrible crime that has been perpretrated by this imperfect being, the shame and

sorrows and suffering, even the most inferior sob-sisters would cry out that Jimmy Richardson be instantly electrocuted."

No further objections, save the first one, were made at the time but a bill was taken to the refusal to instruct the jury as to the whole argument of the district attorney.

There is nothing in the record to show what the "bawdy-house keepers and blacklegs of this country" would do if they were called upon to sit in judgment in this case. We think this argument was designed to tell the jury that if they failed to inflict the death penalty upon the accused, they would be looked upon as socially lower in the scale of humanity than such people as were mentioned in the argument, and naught is shown in the record relative to what the sob-sisters would do in such a case.

We feel that these inflammatory statements may well have been utilized by the jury in assessing the death penalty in this case.

The law provides for and presumes a fair trial free from such arguments as above quoted, and we do not think that this defendant has had a fair trial with such denunciations of the district attorney ringing in the ears of the jury who tried him.

We again urge all prosecutors to fairly present the facts before the jury and fairly comment thereon.

Because of the arguments of the prosecuting attorney above set forth, the judgment of the trial court is reversed and the cause remanded.