ELMER WHITE V. STATE

No. 27,737. November 9, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 4, 1956

*Gean B. Turner,* Cleburne, for appellant.

*Glydon M. Hague,* County Attorney, Cleburne, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of whisky for the purpose of sale in a dry area, with two prior convictions for offenses of like character alleged for the purpose of enhancement; the punishment, six months in jail.

Officer Kirkpatrick of the Cleburne police testified that shortly after two o'clock in the afternoon of the day in question he stationed himself near an upstairs window in the old V.F.W. Hall so that he might observe the used-car lot of the appellant

which was nearby. He stated that soon thereafter he saw one Doran Mitchell come upon the lot, approach the appellant, who was cranking a tractor, and observed that they had a short conversation, after which the appellant "pulled up his breeches leg and pulled a half-pint of whisky out of his boot and handed it to Doran Mitchell," and then Mitchell handed the appellant some change and a bill or two.

Between this first transaction and four o'clock, Kirkpatrick observed four other similar sales to men whom he did not know. Some of the deliveries were made, like the first, in the manner which gave the appellant's profession its name, and others were made from a desk drawer in the used-car lot office. Kirkpatrick then called his superior, and the superior arrived upon the scene armed with a search warrant. During the course of the search which followed, a partially full one-half pint of whisky was found in the desk drawer and a full half-pint was found in the appellant's boot.

The prior convictions were proven.

The appellant did not testify or offer any evidence in his own behalf.

The court charged the jury on the law of circumstantial evidence, and we find the evidence sufficient to support the conviction.

Bill of Exception No. 1 relates to remarks made by the court to the jury at a time when it appeared that they were deadlocked. We have carefully examined the bill and have concluded that the remarks of the court, though better left unsaid, did not convey to the jury any idea how the court felt about the merits of the case, nor were they calculated to exert any undue pressure upon the jury to reach a verdict. The court's remarks were somewhat similar to those which we found did not call for a reversal in Rippetoe v. State, 67 Texas Cr. R. 192, 148 S.W. 811, and he concluded them as follows:

"I am not going to hold you forever. There is no use trying to bluff you into a verdict. I am not trying to do that, but I want you to agree, and if you can, go in there and stay fifteen or twenty minutes and see if you can get together and then let me know. Go ahead."

Bill of Exception No. 2 complains of the argument of the prosecutor in which he said:

"Gentlemen of the jury, the voters of Johnson County have voted Johnson County a dry area and we do not want liquor sold here."

The fact that the people of Johnson County did not want liquor sold in their county is a logical deduction from the fact that they voted their county dry. This remark was not aimed directly at the appellant, as was the argument which we found to be reversible error in Cox v. State, 157 Texas Cr. R. 134, 247 S.W. 2d 262.

Finding no reversible error, the judgment of the trial court is affirmed.