HARVEL GRANT V. STATE

No. 27,986. February 1, 1956.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 60 days in jail and a fine of $200.00.

Officer Carpenter of the city of Carthage Police Department testified that he observed an automobile weaving badly from one side to the other within the city limits of his city after two o'clock on the night in question and gave chase. He testified that the chase continued at a high rate of speed until the appellant came to a halt at a tourist court in the city of Longview, that he smelled alcohol on the appellant's breath, and expressed the opinion that he was intoxicated. The appellant was placed under arrest and returned to the sheriff's office at Carthage, where he was interviewed by Highway Patrolmen Cooper and Dorrough, who testified that appellant's speech was slurred, that his eyes were red, that he staggered, that his breath smelled of alcohol, and expressed the opinion that he was intoxicated.

The appellant, testifying in his own behalf, admitted having attended a dance on the night in question and having drunk two beers, but denied that he was intoxicated. He stated that he had noticed an automobile following him while he was in the city of Carthage and that, thinking it contained hijackers, he had fled to Longview.

The jury resolved the disputed issue of the appellant's in-

toxication against him, and we find the evidence sufficient to support their verdict.

Bill of Exception No. 1 complains of the prosecutor's argument as follows:

"I have been privileged to work as County Attorney in Shelby County where my good friend Hunt is from. As District Attorney in the District, and now I am working here in this County, and these boys in this County are the most helpful to each other and the most harmonious in their assistance. I suspect they are the best that money can buy. I think they are conscientious, and they don't come in here, that they don't have good reasons why something ought not to be done."

The grounds of the objection were that this argument told the jury that "the mere fact that the defendant was arrested was and is evidence that he is guilty."

The objection to the argument was sustained, and the court instructed the jury to consider only the evidence.

We have not been favored with a brief, but we are unable to agree that the argument violated any mandatory statute or was so manifestly improper as to call for a reversal of this conviction.

Bill of Exception No. 2 complains of the following argument:

"I tell you, gentlemen, you would find less drunk driving in Panola County with a few such like verdicts and we think and are very happy that it is already slowing down a lot, and a stiff jury verdict . . . . "

The objection to the argument was sustained.

We have held that one of the objects of punishment is to suppress crime and that state's counsel may argue this to the jury. Simone v. State, 157 Tex. Cr. Rep. 393, 248 S. W. 2d 938.

Finding no reversible error, the judgment of the trial court is affirmed.