### NELLIE MAE OWENS V. STATE.

No. 30,397. February 25, 1959.
Motion for Rehearing Overruled May 6, 1959.

*John Cutler,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Gus J. Zgourides,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder without malice; the punishment, 5 years.

There is little conflict in the evidence, and it will be summarized. Appellant and her common-law husband, the deceased, were at a beer drinking establishment in Houston and a quarrel ensued. The deceased slapped the appellant several times, got his knife out of his pocket and opened it, but was persuaded

by his friends to close it and return it to his pocket. Following this, he grabbed the appellant by the arm and started toward the door, at which time the appellant took a knife from her pocket, opened it with her teeth, and inflicted the injury from which the deceased died.

The jury rejected the appellant's testimony that she was acting in her own self defense.

Appellant in brief and argument urges us to hold that the facts establish that she acted in her own self defense. We have been cited no authority, nor are we aware of any which holds that self defense is established as a matter of law.

Her remaining complaint relates to argument as follows: "If you acquit this defendant, you want others to learn about this case, you are opening the door to murder in Harris County." Appellant contends that this is tantamount to the argument which we condemned in Porter v. State, 154 Texas Cr. Rep. 252, 226 S.W. 2d 435. We do not agree. In Porter, as in Cox v. State, 157 Texas Cr. Rep. 134, 247 S.W. 2d 262, we pointed out that, when a prosecutor tells the jury that the people of a community where the crime was committed want an accused convicted, he implies that residents of the community have come to him as their public prosecutor urging him to secure a conviction and call the jury's attention to the fact that its verdict may or may not meet with popular approval, neither of which is a proper matter for the jury's consideration. The argument here, however, falls into that category of cases where we have said that it is proper for a prosecutor to argue to the jury that one of the objects of punishment is to suppress crime. See Grant v. State, 162 Texas Cr. Rep. 444, 286 S.W. 2d 422, and Texas Digest, Crim. Law 723 (3).

Finding no reversible error, the judgment of the trial court is affirmed.