Carlos E. BORJAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 1055–86.

Court of Criminal Appeals of Texas, En Banc.

March 21, 1990.

Richard E. Langlois, San Antonio (court appointed), for appellant.

Sam D. Millsap, Jr., Former Dist. Atty., Fred G. Rodriguez, Dist. Atty., Daniel Thornberry, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.[1]

The appellant was found guilty of the offense of aggravated rape of a child and assessed a punishment of twenty-five years confinement in the Texas Department of Corrections. See § 22.021, *Tex. Penal Code*. A majority of a panel of the Fourth Court of Appeals reversed the appellant's conviction on the basis of an improper jury argument during the punishment phase. *Borjan v. State*, 715 S.W.2d 94 (Tex.App.— San Antonio 1986, pet. granted). The State's argument was held to be "outside the record, called upon the jury to speculate about matters not in evidence, was calculated to arouse the passion or prejudice of the jury, and was extremely harmful and prejudicial." *Id.*, at 98. By way of three points of error, the State challenges the holding of the court of appeals.

The appellant was found guilty of having sexual intercourse with his twelve year old stepdaughter. During the State's closing argument, the following transpired:

So I urge you, when you begin deliberating, when you go back there, *think of the victims of these crimes*, think of the ones who never come forward, who can't stand to tell everybody about it.

[Defense counsel]: I object, I think it's—

[State]: They have some rights.

THE COURT: Just a moment.

[Defense counsel]: I think it's prejudicial and inflammatory and outside the record.

THE COURT: I overrule the objection.

[Defense counsel]: Note my exception.

THE COURT: You've got two minutes.

---

1. This opinion was prepared by Judge M.P. Duncan, III, prior to his death and is adopted as the opinion of the Court.

[State]: Thank you, Your Honor. This trial, in essence, has been Kathy's day in court, 11 years old, 12 years old, 13 years old and back, she's going to carry it with her for a long time, for the rest of her life.

Here is an individual who should know better, who took advantage of the situation, abused her, and you're going to let him out? Please don't do that. Let him know how you really feel about this. How much is it worth? This is Kathy's day in court. Doesn't she deserve something for this? *For the ones who never come and tell you about it, who are too frightened*—[emphasis added]

The appellant renewed his objection which the trial court overruled.

The court of appeals held that the State's argument was improper, and in so doing wrote:

The prosecutor's argument called upon the jury to speculate about other victims of rape. The jury could have properly inferred that appellant had raped others who had not reported the offense. The only logical deduction is that the jury was asked to assume facts not in evidence to reach a decision in the assessment of punishment. The test for determining whether the prosecutor's argument mandates a reversal is based on the probable effect the argument had on the minds of the jurors.

*Id.,* at 97–98.

The dissenting opinion contended that the State's argument was a proper plea for adequate punishment and law enforcement. Furthermore, the dissent claimed that the State's argument was a reasonable inference from the record because the record revealed that the appellant had threatened the victim with physical harm to secure her silence. In addition, a testifying doctor had explained that adolescent children have extreme difficulty discussing such things.

Initially, the State contends that the court of appeals' decision is in conflict with the decision of this Court in *Stone v. State,* 574 S.W.2d 85 (Tex.Cr.App.1978).[2] The State also contends that the prosecutor's argument was a reasonable inference drawn from evidence in the record.

It is well established that proper jury argument must fall within one of the following categories: (1) summary of the evidence; (2) reasonable deduction from the evidence; (3) in response to argument of opposing counsel; and (4) plea for law enforcement. *Madden v. State,* 721 S.W.2d 859, 862 (Tex.Cr.App.1986); *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973).

Initially, the State contends that the complained of argument was a proper plea for law enforcement relying on *Stone, supra.* A proper plea for law enforcement may take many forms, one of which is to argue the relationship between the jury's verdict and the deterrence of crime in general. *Shippy v. State,* 556 S.W.2d 246, 257 (Tex. Cr.App.1977); *Bowman v. State,* 446 S.W.2d 320 (Tex.Cr.App.1969); *Grant v. State,* 162 Tex.Cr.R. 444, 286 S.W.2d 422 (1956). As the State notes, this Court has permitted the prosecutor to argue that juries should deter specific crimes by their verdict. See *Wilson v. State,* 605 S.W.2d 284, 287 (Tex.Cr.App.1980) (robbery); *Porter v. State,* 601 S.W.2d 721, 723 (Tex.Cr. App.1980) (robbery); *Bacon v. State,* 500 S.W.2d 512 (Tex.Cr.App.1973) (robbery); *Arocha v. State,* 495 S.W.2d 957, 959 (Tex. Cr.App.1973) (sale of controlled substance); *Owens v. State,* 168 Tex.Cr.R. 88, 323 S.W.2d 260, 261 (1959) (murder); *Urteago*

---

**2.** In the second ground for review, the State also contends that the decision by the court of appeals is in conflict with a previous decision of that court in *Gonzales v. State,* 706 S.W.2d 764 (Tex.App.—San Antonio 1986).

While recognizing that a conflict of decisions within a single court of appeals is not specifically enumerated as a reason for granting review, the State argues that the enumerated reasons are non-exclusive and that this conflict is of the same "character of reasons" as those enumerated in Rule 200, Tex.R.App.Pro. While this may very well be true, the apparent "conflict" in this case does not rise to a level necessitating review by this Court. After further examining our decision to grant review on this point, we find that our decision to hear the case for this reason was improvidently granted.

We note that the State's motion for rehearing before the Fourth Court of Appeals en banc had previously been denied.

*v. State,* 169 Tex.Cr.R. 160, 333 S.W.2d 133 (App.1960) (possession of marihuana); *Nichols v. State,* 504 S.W.2d 462 (Tex.Cr. App.1974) (DWI); *Payne v. State,* 164 Tex. Cr.R. 306, 298 S.W.2d 151, 154 (App.1957) (DWI); *White v. State,* 162 Tex.Cr.R. 337, 284 S.W.2d 902, 903 (App.1955); (liquor law violation); *Bowman, supra* (rape); *Walthall v. State,* 594 S.W.2d 74, 83 (Tex.Cr. App.1980) (obscenity); *Goocher v. State,* 633 S.W.2d 860 (Tex.Cr.App.1982) (obscenity).

■ The State may also argue the impact of the jury's verdict on the community. See, e.g., *Adams v. State,* 685 S.W.2d 661, 671 (Tex.Cr.App.1985); *Haynes v. State,* 627 S.W.2d 710, 714 (Tex.Cr.App. 1982). The State may not, however, argue that the community or any particular segment of the community expects or demands either a guilty verdict or a particular punishment. *Cortez v. State,* 683 S.W.2d 419 (Tex.Cr.App.1984) and cases cited therein; *Goocher v. State, supra.*

The State, in its brief, sets out several examples in which the State has been permitted to argue the impact of the jury's verdict on narrower groups making up the "community." For example, this Court has permitted arguments on behalf of law enforcement officers who were the victims of a criminal offense. See, e.g., *Rhodes v. State,* 450 S.W.2d 329, 331–332 (Tex.Cr. App.1970). This Court has also approved of arguments on behalf of the rights of highway drivers subjected to drunken drivers. *Strahan v. State,* 172 Tex.Cr.R. 478, 358 S.W.2d 626 (1962). Likewise, this Court has permitted arguments on behalf of women and children. *Stone v. State,* supra; *Carver v. State,* 510 S.W.2d 349, 355–356 (Tex.Cr.App.1974); *Anderson v. State,* 486 S.W.2d 569, 572 (Tex.Cr.App. 1972); *Myers v. State,* 468 S.W.2d 847, 848–849 (Tex.Cr.App.1971). These types of arguments are permissible in that the jury is reminded of the effect that their verdict may have on the rights of a particular segment of the community.

It is well established that a plea for law enforcement is one of the four categories of proper jury argument. *Landry v. State,*

706 S.W.2d 105 (Tex.Cr.App.1985). Consistent with that proposition, in *Stone v. State, supra,* this Court held the following argument to be a proper plea for adequate punishment and law enforcement:

'... She will still have the scars of some sort that will bring her back to that point in time when she was in that trailer and now she knows or has some idea of the impact of what went on and she knows how it was bad and wrong, and I'm sure it's embarrassing to her, and don't you know it will always embarrass her if someone will know what happened to her back when she was a little girl at the hands of this defendant.

Now, that's sad it really is, and you should think about her when you're assessing your punishment. Let's think about her and think about the *other* children that live in this community that are subjected to this type of conduct by *others* and use your common sense.' [Emphasis added]

*Id.,* at 90.

The appellant agrees that the argument in *Stone, supra,* although limited to a particular segment of the community, was correctly classified as a proper plea for law enforcement. The appellant, however, distinguishes the argument in *Stone, supra,* from the argument in the present case. The appellant contends that the prosecutor in *Stone, supra,* clearly referred to "other" children who were subjected to sexual abuse committed by those "other" than the defendant. By doing so, the prosecutor in *Stone, supra,* properly asked the jury to consider the impact of their verdict on the narrower class of children within the community. The appellant claims in this case that the State did not narrow its argument sufficiently, but instead invited the jury to speculate that other children had been victimized by the appellant but were too afraid to come forward.

■ The law provides for, and presumes a fair trial, free from improper argument by the prosecuting attorney. *Dickinson v. State,* 685 S.W.2d 320, 322 (Tex.Cr. App.1984); *Richardson v. State,* 158 Tex. Cr.R. 536, 257 S.W.2d 308 (1953). An im-

proper argument constitutes reversible error when in light of the record as a whole it was extreme or manifestly improper, violative of a mandatory statute, or injected new facts harmful to the accused into the trial proceedings. *Phillips v. State*, 701 S.W.2d 875, 892 (Tex.Cr.App.1985); *Vineyard v. State*, 131 Tex.Cr.R. 476, 100 S.W.2d 362 (1973).

Thus, a prosecutor is clearly prohibited from making reference during final argument to extraneous offenses for which the accused is not currently on trial. *Melton v. State*, 713 S.W.2d 107 (Tex.Cr.App.1986). Accordingly, even if the extraneous offenses are admissible during trial, the prosecutor cannot ask the jury to assess punishment for these collateral crimes and add such penalty to the punishment being assessed. *Brown v. State*, 530 S.W.2d 118 (Tex.Cr.App.1975); *Klueppel v. State*, 505 S.W.2d 572 (Tex.Cr.App.1974).

Likewise, a prosecutor may not use closing argument to get evidence before the jury which is outside the record and prejudicial to the accused. *Everett v. State*, 707 S.W.2d 638, 641 (Tex.Cr.App.1986); *Jackson v. State*, 529 S.W.2d 544, 546 (Tex.Cr.App.1975). This Court has long held that reference to facts that are neither in evidence, nor inferable from the evidence is improper. *Johnson v. State*, 698 S.W.2d 154, 166 (Tex.Cr.App.1985); *Fuentes v. State*, 664 S.W.2d 333 (Tex.Cr.App.1984). Usually such improper references are designed to arouse the passion and prejudices of the jury and as such are highly inappropriate. *Campbell v. State*, 610 S.W.2d 754, 756 (Tex.Cr.App.1980); *Stearn v. State*, 487 S.W.2d 734 (Tex.Cr.App.1972); *King v. State*, 141 Tex.Cr.R. 257, 148 S.W.2d 199 (Tex.Cr.App.1941). The effect of such an argument is to ask the jury to determine the punishment of the accused based on collateral matters which the prosecutor improperly interjected by way of his jury argument. *Everett, supra,* at 641.

■ Thus, a prosecuting attorney is permitted in his argument to draw from the facts in evidence all inferences which are reasonable, fair and legitimate, but he may not use the jury argument to get before the jury, either directly or indirectly, evidence which is outside the record. *Jordan v. State,* 646 S.W.2d 946, 948 (Tex.Cr.App. 1983).

■ The question which we must answer is whether the State's argument in the present case is similar to the argument deemed proper in *Stone, supra,* or whether the argument was outside the record and called upon the jury to speculate about other crimes that the appellant may have committed against other children. An answer to this question will rest solely upon a logical interpretation of the State's argument and the context within which it was used.

In other words, the issue which we must resolve is whether the prosecutor's reference to the "victims of other crimes" and "the ones who never come and tell you about it" was an appeal to the jury to consider the impact of their verdict on sexually abused children in general, or whether, the prosecutor's argument called on the jury to consider either the existence of other adolescent victims of the appellant or to assess the appellant further punishment because other children have been victimized.

In resolving this issue it is necessary to analyze not only what the prosecutor said but also what he did not say. When the prosecutor used the phrase "these crimes" it is apparent that he was referring to the victims of sexual child abuse. If he had said "this crime" he would have obviously been commenting upon other possible victims of the appellant. However, by phrasing the comment as he did, and in essence referring to the nature of the offense rather than a specific offense, he was classifying other sexual abuse victims as those that "never come forward...."

In the latter portion of this argument we are confronted with a closer question. When the prosecutor commented: "For the ones who never come and tell you about it, who are too frightened—" was the prosecutor referring to other possible victims of the appellant or, again, an abused class within the community? Examining the statement in light of what he had previous-

ly said and taking it in context it appears that he was referring in general to those sexual abuse victims within the community. Thus, the prosecutor was not directing his comments or implicitly alluding to other possible victims of the appellant.

It must be noted that in neither comment did the prosecutor directly refer to the appellant. His comments were directed to the community in general. Consequently, the State is correct that his comments constituted a proper plea for law enforcement and although somewhat ambiguous are not particularly distinguishable from the argument that was approved by this Court in *Stone v. State,* supra.

The court of appeals' judgment is therefore reversed. It appears that the other points of error raised by the appellant in the court of appeals were rejected in its original opinion; consequently, a remand to that court is unnecessary. Therefore, the judgment of the trial court is affirmed.

CLINTON, J., concurs in result.

WHITE, J., not participating.

TEAGUE, Judge, dissenting.

It is, or should be, axiomatic in our law that no matter how vile, perverted, or even inhumanly criminal an accused person might be, or appears to be, he or she is still entitled under our law to receive a fair trial, which includes a trial free from improper jury argument by the prosecuting attorney. This is even true for those accused persons who might appear to be cut from the cloth of "middle class America," but who wilfully and intentionally violate one of our penal laws.

Thus, no matter how despicable Carlos Borjan, henceforth appellant, or any other accused person might appear to be to the average citizen of this State, he was still entitled to receive a fair trial; a trial not marred or flawed by improper jury argument by the prosecuting attorney. Sad to say, appellant has not yet received that one tolerably fair trial the law guaranteed that he would receive.

Over 15 years ago, Judge Roberts, on behalf of this Court, made the following remarks: "[T]his Court has been faced with numerous cases where improper arguments and sidebar remarks by the prosecutor have forced us to reassert the critical importance of convicting an accused only upon the evidence presented, without attempting to inflame or prejudice the minds of the jurors. E.g., *White v. State,* Tex.Cr. App., 492 S.W.2d 488 (1973); *Hefley v. State,* 489 S.W.2d 115 (Tex.Cr.App.1973); *Lott v. State,* 490 S.W.2d 600 (Tex.Cr.App. 1973). Some of these cases have caused this Court a great deal of consternation, resulting in several split decisions. We all recognize the difficulty in drawing the line between harmless argument outside the record and arguments calculated to deprive the defendant of a fair and impartial trial— the difficulty lies in actually applying such a necessarily enigmatic standard...." *Stein v. State,* 492 S.W.2d 548, 551–552 (Tex.Cr.App.1973).

In 1972, Judge Odom wrote the following in *Stearn v. State,* 487 S.W.2d 734 (Tex.Cr. App.1972): "There seems to be a growing tendency by the prosecutors [of this State] to go outside the record in jury argument."

Members of appellate courts, from the United States Supreme Court to the lowest court in the land, which hands down written opinions, can, of course, and often do, give lip service, in beautiful legal language, what the true purpose and object of jury argument should be, and why certain jury argument by a prosecuting attorney is or is not proper. I find that the majority opinion purports to do just that in this cause, but what do those beautiful sounding words mean when the appellate court ultimately approves improper jury argument by the prosecuting attorney?

Those courts, or its members, can say, and often do say, such wonderful things as the following:

The constitutional right of trial by jury, as guaranteed by the Sixth Amendment to the Federal Constitution and Art. I, § 15, Texas Constitution, unquestionably implicates the right to a fair trial, and not simply just the right to a trial by jury, because absent a fair trial there might just

as well be no jury. See *Adamson v. California*, 332 U.S. 46, 53, 67 S.Ct. 1672, 1676, 91 L.Ed. 1903, 1909 (1947), overruled on other grounds, *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). Also see Art. I, § 10, Texas Constitution.

Improper jury argument by the prosecution is not countenanced by the courts of this Nation, as "[b]oth State and Federal law governing the limits of proper jury argument by the prosecuting attorney find their source in notions of fairness, and the same source from which flows the right to due process of law." *Houston v. Estelle*, 569 F.2d 372, 380 (5th Cir.1978), rehearing denied en banc without opinion, 572 F.2d 320 (5th Cir.1978). Also see *Brown v. Estelle*, 468 F.Supp. 42 (N.D.Tex.1978).

It is now elementary that the object and principal purpose of argument to the jury by the attorneys is to aid and assist the jury in properly analyzing the admitted evidence so that it can arrive at a just and reasonable conclusion based on the evidence alone. *Dickinson v. State*, 685 S.W.2d 320, 322 (Tex.Cr.App.1984). The law provides for, and presumes a fair trial, free from improper jury argument by the prosecuting attorney. *Richardson v. State*, 257 S.W.2d 308 (Tex.Cr.App.1953). Improper argument on the part of the prosecuting attorney occurs when the prosecuting attorney violates a mandatory provision of a statute, makes a manifestly improper, harmful, or prejudicial argument, or injects through his argument some new and harmful fact into the case. *Vineyard v. State*, 131 Tex.Cr.R. 476, 100 S.W.2d 362 (App. 1937). Also see *Pena v. State*, 137 Tex. Cr.R. 311, 129 S.W.2d 667, 669 (App.1939); and *Andrews v. State*, 150 Tex.Cr.R. 95, 199 S.W.2d 510, 514 (App.1942).

I pause to point out that in this instance the prosecuting attorney argued improperly when he injected through his argument a new and harmful fact into the case, which fact was not then before the jury, or asked the jury to speculate about other victims of similar type crimes. Nor was such comment invited by appellant's trial counsel.

This, of course, does not mean that prosecuting attorneys are to be placed in some sort of straight jacket when they argue before the jury, because, within the extremely elastic boundaries defined by this Court, they are permitted to soar to such eloquence and oratory as their techniques of presentation permit. "They may rollick in metaphor and use illustrations, suppositions and hypothetical instances," *O'Brien v. Boston Elevated Railway Co.*, 214 Mass. 277, 280, 101 N.E. 365, provided they stay within the boundaries set by this Court, which are set out in *Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex.Cr.App.1973).

Prosecuting attorneys should never ask jurors to speculate on the law not before them or on facts of the case not admitted into evidence, or to consider in deciding the defendant's guilt extraneous and collateral offenses, which have not been admitted into evidence, nor should prosecuting attorneys argue hypothetical defenses a defendant might have presented, *Garrett v. State*, 632 S.W.2d 350, 351 (Tex.Cr.App. 1982), nor should they ever attempt to get before the jury, either directly or indirectly, matters which are outside of the record. *Jordan v. State*, 646 S.W.2d 946 (Tex.Cr. App.1983). In summary, a prosecuting attorney, although free to strike hard blows, is not at liberty to strike foul ones, either directly or indirectly. *Jordan*, 646 S.W.2d at page 948.

A prosecuting attorney occupies a position of great responsibility, power, authority, and trust, and his personal desire for victory, no matter how great, is always placed on the backburner during a trial, no matter how despicable he might believe the accused might be, because he is there on behalf of all the people of Texas to see that justice is done, or to see that an injustice is not perpetrated on the defendant.

Because a prosecuting attorney is such a highly respected individual, jurors usually give the remarks that he makes during jury argument their utmost and respectful attention. When a prosecuting attorney speaks, he speaks on behalf of all the people of the State of Texas, which actually includes accused individuals, and not just on behalf of himself or the victim of the crime that the accused is alleged to have

committed. *Vargas v. State,* 128 Tex.Cr.R. 139, 79 S.W.2d 860 (App.1935); *Rougeau v. State,* 738 S.W.2d 651, 657 (Tex.Cr.App. 1987). Furthermore, in Texas, the prosecuting attorney is instructed by statute not to prosecute just to convict, but to prosecute to see that justice is done. See Art. 2.01, V.A.C.C.P. Also see *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *United States v. Garza,* 608 F.2d 659 (5th Cir.1979). For further cases involving the prosecuting attorney's jury argument, see *Montelongo v. State,* 644 S.W.2d 710, 717 (Tex.Cr.App.1983) (Teague, J., dissenting opinion to Court's denial of appellant's motion for rehearing); *Hightower v. State,* 629 S.W.2d 920 (Tex. Cr.App.1982); *Garrett v. State,* 632 S.W.2d 350 (Tex.Cr.App.1982); *Mathews v. State,* 635 S.W.2d 532 (Tex.Cr.App.1982); *Jones v. State,* 693 S.W.2d 406 (Tex.Cr.App.1985); *Good v. State,* 723 S.W.2d 734 (Tex.Cr.App. 1985); *Decker v. State,* 717 S.W.2d 903 (Tex.Cr.App.1986); *Jordan v. State,* 646 S.W.2d 946 (Tex.Cr.App.1983); *Cortez v. State,* 683 S.W.2d 419 (Tex.Cr.App.1984); and *Dickinson v. State,* 685 S.W.2d 320 (Tex.Cr.App.1984). Also see the many, many cases that this Court has reversed for improper jury argument by prosecuting attorneys that are compiled in *Erisman's Manual of Reversible Errors in Texas Criminal Cases* (1956 edition); and Mc Coll and Mc Cullough, *Erisman's Reversible Errors in Texas Criminal Cases* (1986 edition).

However, what does the above flowery, legal language mean?

I firmly believe that no matter what appellate courts might write about improper jury arguments by prosecuting attorneys, and no matter how many cases they reverse on this point, neither will cause improper jury argument to be dispatched into the sunset, simply because we have new prosecutors who are always coming on the scene, who want to do better than their predecessors did in the prosecution of accused persons, or perhaps because we have old prosecutors who have more thoroughly sharpened their skills since they last argued a case, and who now want to "to make an effort to put new garb on an old

emperor." *Dorsey v. State,* 709 S.W.2d 207, 211 (Tex.Cr.App.1986) (Teague, J., dissenting opinion.); *Cortez v. State,* 683 S.W.2d 419, 421 (Tex.Cr.App.1982); and *Decker v. State,* 717 S.W.2d 903, 909 (Tex. Cr.App.1983) (Teague, J., concurring and dissenting opinion), and hope that in the event of an appeal, an appellate court will approve what they argued, at least under the banner "it was a plea for law enforcement."

So, what can this Court or some other appellate court do when it is presented with a case in which the issue of improper argument by a prosecuting attorney is before it to resolve? Except to reverse the trial court's judgment of conviction, and thus get that particular trial judge's attention and that particular prosecuting attorney's attention, I do not believe there is much that can be done by appellate courts, because it is a given that new, as well as old, skilled prosecuting attorneys, will continue to be innovative and creative in attempting to put new clothes on an old emperor, so that the "new", but "old" emperor will look more acceptable to an appellate court. And I firmly believe that is just a fact of life that appellate courts must deal with.

Prosecuting attorneys, by nature, want to find out how close to the reversible error line they can get during their jury argument. I have no fault with this philosophy. However, when a prosecuting attorney does cross the reversible error line, it is the duty and responsibility of the appellate court to reverse the trial court's judgment. I find that when this Court, or any appellate court for that matter, chooses to put its stamp of approval on improper argument, under the guise of "It is a plea for law enforcement," as it does in this cause, this merely breeds disrespect for that Court, and challenges new and old prosecuting attorneys to see how far outside the record they can go during their argument, in order to solicit the jury to speculate about matters not in evidence, and to hope that some appellate court will not say: "You went too far this time. Case reversed.!"

I predict that some prosecuting attorney in the future will, by relying upon today's majority opinion, fall into the same trap that another prosecuting attorney fell into not too long ago. Many prosecutors of this State who read and studied this Court's decision of *Montelongo v. State*, 644 S.W.2d 710 (Tex.Cr.App.1983), well believed, and correctly so, that it was permissible to draft an imaginary Christmas card from the deceased, and then argue to the jury the contents of the card, and that such argument would be approved by this Court under *Montelongo*. The prosecutor in *Washington v. State*, 668 S.W.2d 715 (Tex. App.–14th 1983), State's P.D.R. refused, obviously believed this when he made the almost identical argument that was made in *Montelongo*. Was the trial court's judgment affirmed? No. The court of appeals reversed. What did this Court do? By refusing the State's petition for discretionary review, and denying its motion for rehearing, in both of which the State relied upon its "white horse case" of *Montelongo*, this Court at least implicitly disapproved that argument, thus obviously leaving one prosecuting attorney and one appellate assistant district attorney of this State in a state of bewilderment.

The record of this cause reflects that on direct appeal appellant complained about the prosecutor's argument that urged the jury to speculate about victims of other and like crimes which had occurred in the community, about which there was no evidence before the jury. The State argued on appeal, as it usually does, that the prosecutor's argument was nothing more than a plea for law enforcement. A majority of the San Antonio Court of Appeals, in a majority opinion by Justice Tijerina, joined therein by Justice Esquivel, disagreed, and correctly rejected the State's assertion, that argument that asserts "when you [the jury] go back there [to deliberate], think of the victims of these crimes, think of the ones who never come forward, who can't stand to tell everybody about it ... For the ones who never come and tell you about it," is nothing more than a plea for law enforcement. The majority opinion also, albeit implicitly, rejected the State's

reliance upon *Stone v. State*, 574 S.W.2d 85 (Tex.Cr.App.1978), a panel opinion of this Court, which panel was composed of Judges Douglas, Tom Davis, and Vollers.

Before one relies upon *Stone* as authority to support the broad, general statement, that it is permissible for the prosecuting attorney in his argument to the jury to urge the jury to protect the citizens of the county, women, and children, one must consider the fact that in *Stone*, there was evidence that another and distinct child-victim, while naked, performed oral sex on appellant, who was also naked, and a photograph was taken of this event. Another photograph showed that this same child-victim performed oral sex on appellant's wife. In this cause, however, no such extraneous offense testimony was before the jury for its consideration in deciding appellant's guilt.

The majority opinion of this Court, after doing what many members of this and other appellate courts of this Nation have done in the past, that is, to first put in their opinions flowery, legal language as to what constitutes proper or improper jury argument by a prosecuting attorney, rules that the prosecutor's statement that referred to "victims of other crimes" amounts to nothing more than a comment that "appealed to the jury to consider the impact of their verdict on sexually abused children in general," and those who "never come forward" in particular. Thus, because the majority opinion reads the prosecutor's argument to mean that he was referring to possible sexually abused children who existed in the community, and who have never come forward, that this was a proper plea for law enforcement argument because the prosecutor did not specifically state that he was referring to other sexually abused child victims that appellant might have had in the past, about which there is no evidence in the record before us. The majority opinion states: "It must be noted that in neither comment did the prosecutor directly refer to the appellant. His comments were directed to the community in general. Consequently, the State is correct that his comments constituted a proper plea for law

enforcement...." (Page 9 of slip opinion.) Does this mean that henceforth, as long as prosecuting attorney makes sure he does not directly implicate the accused in his argument, he is given license to argue just about anything his heart might desire that he should argue?

If the majority opinion is logically correct in what it states and holds, then has it not, at least implicitly, overruled the likes of *Berryhill v. State*, 501 S.W.2d 86 (Tex.Cr. App.1973); *Lopez v. State*, 500 S.W.2d 844 (Tex.Cr.App.1973); *Rodriquez v. State*, 520 S.W.2d 778 (Tex.Cr.App.1975), and the many, many cases which this and other Courts have reversed for improper jury argument that are found listed under West' Criminal Law Key 719(1)?

In *Berryhill*, this Court, without any reservations or qualifications, ruled that "Argument injecting matters not in the record is clearly improper; but argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whether extraneous 'facts' may be needed to support a conviction [or assess punishment]. Logical deductions from evidence do not permit within the rule logical deductions from nonevidence." Also see *Jordan*, 646 S.W.2d at page 948.

In *Lopez*, this Court condemned an argument that stated the following: "I'm concerned about the open season that is coming on police officers. I believe the same week these officers were killed there were eleven killed in America." (846). Also see *Martinez v. State*, 649 S.W.2d 728 (Tex. App.–4th 1983) (Condemned: "I don't have to sit here and tell you that we have a problem with robbery in San Antonio. And in Bexar County, Texas. Headlines on this morning paper, 'clerk shot in head.'"); *Escobedo v. State*, 620 S.W.2d 590 (Tex.Cr. App.1981), which concerned argument, "If you don't think they [undecover police officers] were scared after that shot—after that shooting, then you're wrong. Because just like Eloy Gonzales is laying over there in Roy Akers' Funeral Home this morning, Officer Gonzales—," which was about the death of a police officer who was in no way connected to the case; and *Bennett v.*

*State*, 677 S.W.2d 121 (Tex.App.–14th 1984).

Today, notwithstanding the principle of law that an accused will not be convicted for being a criminal generally, and will not be convicted on the basis of other crimes that might have been committed in the community, also see and compare *Lomas v. State*, 707 S.W.2d 566 (Tex.Cr.App.1986), regarding a prosecutor improperly inviting a jury to punish the defendant for committing collateral crimes, this Court's majority opinion erroneously approves the prosecutor's jury argument that urged the jury in this cause, in deciding appellant's guilt, to "think of the victims of these [other sexual assault crimes]; think of the ones who never come forward, who can't stand to tell everybody about it; think about the ones who never come and tell you about it, who are too frightened." Today, the long standing rule that a prosecutor's jury argument that places before the jury new and harmful facts that were neither in evidence nor inferable from the evidence is improper is obviously placed on this Court's backburner for the time being.

This Court's decision, of course, should bring much joy not only to the trial judge who first approved the above argument, the prosecutor who made the above argument, his former boss, the then District Attorney of Bexar County, the assistant district attorney who represented the District Attorney on appeal, and to many prosecuting attorneys throughout Texas, as this Court's decision of *Montelongo v. State*, must have done. However, I must caution all of these individuals that before they celebrate too much, they should not forget, as occurred in *Washington v. State*, that any appellate court can easily distinguish in several respects even a "white horse case" or "a case on all fours," and thus cause some prosecuting attorney to wake up some morning with one huge hangover, when he thought that when he went to sleep the night before he was going to have pleasant and happy dreams the rest of the night.

For the above and foregoing reasons, I respectfully dissent.