Satchell v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-010-CR

     WILLIE SATCHELL,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 92-476-C
                                                                                                    

OPINION ON APPELLANT'S MOTION FOR REHEARING
                                                                                                    

      On original submission we held that remarks made by the prosecutor during closing argument
could be taken as a plea for law enforcement. See Borjan v. State, 787 S.W.2d 53, 56 (Tex.
Crim. App. 1990). On motion for rehearing, Satchell argues that because the trial court sustained
his objection, the court did not consider the statements as a plea for law enforcement and, thus,
we should not.
      Assuming that the prosecutor's arguments were improper, an instruction by the court to
disregard will normally obviate the harm unless the remark is so inflammatory that its prejudicial
effect cannot reasonably be removed by the admonishment. Kinnamon v. State, 791 S.W.2d 84,
89 (Tex. Crim. App. 1990). For an improper argument to rise to a level mandating reversal, it
must be "extreme or manifestly improper, or inject new and harmful facts into evidence." Id. 
Here, the argument was not so extreme as to require reversal. We overrule point two.
      We deny Satchell's motion for rehearing.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Denied
Opinion delivered and filed September 8, 1993
Do not publish