In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00529-CR
____________

SCOTT ALAN ZUNKER, Appellant

V.

THE STATE OF TEXAS, Appellee
 



On Appeal from the 361st District Court
Brazos County, Texas
Trial Court Cause No. 28,688-361
 

 
 
DISSENTING OPINION ON MOTION FOR REHEARING

          Because the appropriate standard for determining the harm of the State’s
improper punishment argument requires that this case be reversed and remanded for
a new punishment hearing, I respectfully dissent.
          In his seventh point of error, appellant contends that the trial court reversibly
erred in allowing the State to make the following argument:
[State]:Imagine the embarrassment, the humiliation that [the
complainant] had to go through. Every time you
think about the excuses the Defendants offered,
think about [her], what she’s gone through, what her
parents are going through, what her dad is thinking
knowing that his little girl was violated in the worst
way.
 
[Appellant]: Judge, I’ll object. There is no evidence as to what
her parents were thinking as to even their presence
[sic] here in the courtroom.
 
          [Trial Court]:         Overruled.

(Emphasis added.) As conceded by the State during oral argument in this Court, there
is, in fact, no evidence in the record that the complainant’s parents were even living
at the time of the offense or aware that the complainant had been sexually assaulted.
          The law provides for, and presumes, a fair trial free from improper argument
by the State. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). It is well-settled that a prosecutor cannot use closing argument to place matters before the jury
that are outside the record and prejudicial to the accused. Everett v. State, 707
S.W.2d 638, 641 (Tex. Crim. App. 1986); Thompson v. State, 89 S.W.3d 843, 850
(Tex. App.—Houston [1st Dist.] 2002, pet. denied). Arguments referencing matters
that are not in evidence and may not be inferred from the evidence are usually
“designed to arouse the passion and prejudices of the jury and as such are highly
inappropriate.” Thompson, 89 S.W.3d at 850 (quoting Borjan v. State, 787 S.W.2d
53, 57 (Tex. Crim. App. 1990)).
          Here, the State invited the jury, “every time” it considered the defendants’
punishment arguments, to instead focus on what her parents were “going through”
and, in particular, “what her dad is thinking knowing that his little girl was violated
in the worst way.” (Emphasis added.) It is readily apparent that the State, in an effort
to completely nullify the defendants’ punishment arguments, sought to inflame the
“passions and prejudices of the jury,” especially those members of the jury who were
parents. This highly prejudicial argument was egregiously inappropriate, and the trial
court gravely erred in overruling appellant’s objection, an objection which so
obviously should have been sustained.
          Appellant concedes that the trial court’s error in overruling his objection was
non-constitutional and that the appropriate harm standard of review provides that
such an error “that does not affect substantial rights must be disregarded.” Tex. R.
App. P. 44.2(b). In Hawkins v. State, the Court of Criminal Appeals has recently held
that determining harm under this standard concerning improper punishment argument
in non-capital cases requires balancing three factors: (1) the severity of the
misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the
punishment assessed absent the misconduct (likelihood of the same punishment being
assessed). 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).
          In regard to the first factor, the State’s argument, asking the jurors to substitute
their thoughts “about . . . what her parents are going through, what her dad is thinking
knowing that his little girl was violated in the worst way” in place of appellant’s
punishment arguments, when there is absolutely no evidence whatsoever that the
complainant’s parents were even aware of the sexual assault, was a flagrant attempt
to arouse the passion and prejudices of the jury. The degree of such misconduct is
not “minimal,” and, as noted above, such an argument, “designed to arouse the
passion and prejudices of the jury,” is “highly inappropriate.” Thompson, 89 S.W.3d
at 850 (quoting Borjan, 787 S.W.2d at 57).
          The trial court, in regard to the second factor, made no attempt at all to correct
the State’s misconduct. The bottom line is that it simply failed to sustain appellant’s
proper objection to an obviously improper argument. Moreover, the trial court’s
failure to sustain appellant’s objection to the argument borders on constitutional error. 
See Thompson, 89 S.W.3d 843, 852 (noting that State’s argument “by urging the jury
to consider matters not before them, and while effectively acknowledging that to do
so was a violation of their solemn oath as jurors . . . violated the Due Process Clause
of the Fourteenth Amendment and implicated the Confrontation Clause of the Sixth
Amendment.”).
 
          Finally, in regard to the third factor, appellant faced the widest possible range
of punishment provided for an offense in the Texas Penal Code: confinement in
prison “for life or for any term of not more than 99 years or less than 5 years.” Tex.
Pen. Code Ann. § 12.32 (Vernon 2003). If the jury had sentenced appellant to
confinement for 10 years or less, it could have recommended to the judge that the
imposition of appellant’s sentence be suspended and that appellant be placed on
community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 §§ 4(a), (d)(1)
(Vernon Supp. 2004-2005).
          Given the wide range of possible punishment, the certainty of appellant’s
sentence, confinement for 15 years, absent the State’s misconduct cannot be
considered separate and apart from the severity of the State’s misconduct. As noted
in the majority opinion, appellant presented numerous character witnesses who
testified on his behalf in the punishment phase of trial. Although, as noted in the
majority opinion, the credibility of their character testimony may have been brought
into question under cross-examination, an intermediate court of appeals is not a fact-finder. More importantly, the simple fact remains that the State, regardless of the
actual evidence before the jury for its consideration in assessing punishment, invited
the jury, “every time” it considered appellant’s punishment arguments to simply focus
on what the complainant’s parents were “going through,” and, in particular, “what 
her dad is thinking knowing that his little girl was violated in the worst
way”—matters which were not in evidence. This was not a mere “plea for law
enforcement” as discussed in Martinez v. State, 17 S.W.2d 677, 693 (Tex. Crim.
App. 2000). In effect, the State argued that the jury should ignore the evidence and
focus on the specific facts about the effect the offense had on the complainant’s
parents. Given the severity of this misconduct and its highly prejudicial nature, it
cannot be said with certainty that the jury, absent the misconduct, would likely have
assessed the “same punishment” of confinement for 15 years.
          The facts of this case are truly ugly, but the severity of the offense did not
relieve the trial court of its solemn obligation to “preserve, protect, and defend the
Constitution and laws of the United States and of this State.” In fulfilling this duty,
we, as judges, should remember the words of Justice Felix Frankfurter: “A timid
judge, like a biased judge, is intrinsically a lawless judge.” Wilkerson v. McCarthy,
336 U.S. 53, 65, 69 S. Ct. 413, 419 (1949) (Frankfurter, J. concurring). I cannot
conclude with “fair assurance,” as is required by the rule of law, that the trial court’s
error in overruling appellant’s proper objection to the State’s highly inappropriate
argument “did not influence the jury, or had but a slight effect.” See Reese v. State,
33 S.W.3d 238, 243 (Tex. Crim. App. 2000). Accordingly, I would grant appellant’s
motion for rehearing, sustain his seventh point of error, and reverse and remand the
case for a new punishment hearing.
 
 
 
 
 
 
 
                                                                       Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Justice Jennings, dissenting.

Publish. Tex. R. App. P. 47.2(b).