cr5-693.williams.kb 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00693-CR







Lester Bertram Williams, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,468, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







PER CURIAM


 A jury found appellant, Lester Williams, guilty of five counts of sexual assault of
a child. Tex. Pen. Code Ann. § 22.011(a)(2) (West 1994). For each count, the jury assessed
punishment at imprisonment for twenty years and a $10,000 fine. The jury also found appellant
guilty of one count of sexual performance by a child for which it assessed punishment at
imprisonment for five years and a $10,000 fine. Tex. Pen. Code Ann. § 43.25(b) (West 1994). 
Appellant complains, by four points of error, of prosecutorial misconduct during voir dire and of
the trial court's overruling of his objections to certain testimony and to portions of the State's
closing argument during the guilt-innocence phase of trial. We will affirm the trial court's
judgment.

 By point of error one, appellant contends that the trial court erred by overruling
his objection to statements by the State's attorney during voir dire. Appellant contends that the
State's attorney injected his personal opinion before the jury which constituted improper testimony
during voir dire. 

 The following excerpt is relevant to appellant's point of error:



State's Attorney: You can weigh the circumstances whether or not you would
expect a person to remember the detail. The importance is up to you. Crime
victims are often traumatized in many ways for a long time and you can weigh --


Defense Attorney: Your Honor, may it please the court, he is now stating, he's
stating his position as to the traumatization of crime victims, Your Honor, and
therefore we feel that he is, attempting to testify as opposed to asking voir dire
questions. . . . We ask him to restrict the questions and his voir dire to questions,
Your Honor. Therefore, we object to his procedure. . . .


The Court: Overruled.


State's Attorney: Again, crime victims are often traumatized. 


Defense Attorney: Your Honor, again he's testifying as to that. Your Honor, he
might be able to say that we can introduce evidence that shows that crime victims
are testifying. I mean are sometimes victims but for him to blatantly say crime
victims are traumatized, Your Honor, again is not proper voir dire and again we
object to that. 


The Court: Overruled. 


 

 Appellant contends that the State was telling the potential jurors that the child
witnesses in this cause may not detail the events correctly because they are victims of crime and
crime victims are often traumatized by the circumstances. Appellant on the one hand contends
that this error could possibly have been cured if the State had withdrawn its comment and if the
trial court had instructed the jury to disregard the State's comments. Appellant then asserts that
because the State repeated the comment "it is doubtful that a withdrawal and instruction would
have cured the error because the statement complained of injected injurious and prejudicial matters
before the panel which were calculated to prevent a fair trial before an impartial jury." We
disagree with appellant's assertions. 

 The State's comments referring to the fact that crime victims are sometimes
traumatized were common knowledge. The State further commented that not all crime victims
are traumatized and that this was a factor for the jury to consider when evaluating a witness's
credibility. We conclude that the State did not tell the potential jurors how they should evaluate
the children's testimony in this particular instance. Additionally, appellant advised the trial court
that he was satisfied with the jury selected to hear the cause. Error, if any, related to the State's
comments was harmless. Tex. R. App. P. 81(b)(2). We overrule point of error one.

 By point of error two, appellant contends that the trial court erred by overruling
his objection to an answer given by Callie Jefferies during the State's direct examination. Callie
Jefferies was employed at the child care center where the complaining children had been enrolled. 
As the State's outcry witness, she testified about what the children told her regarding appellant's
actions in committing the alleged offenses. 

 The following excerpt is relevant to appellant's point of error:



State's Attorney: Did you act on the information you received from [the
children]?


Jefferies: Yes, I did.


State's Attorney: And what did you do?


Jefferies: I told them that I believe[d] them and that I would tell my directors.


Defense Attorney: Your Honor, if it please the court, the question was what did
she act on. Her answer is nonresponsive number one and number two, it is -- she
is attempting to go back and, and make a statement that she has just heard would
be reversible error and we object again.


The Court: Overruled. 


State's Attorney: We pass the witness, Your Honor.



 Appellant argues to this Court that the State was attempting to bolster the children's
testimony through Jefferies' testimony. Appellant argues that the State may not bolster or support
its own witness's testimony unless the witness has first been impeached on cross-examination. 
The State responds that appellant did not properly preserve this complaint at trial for appeal. We
agree.

 To preserve error for appeal regarding testimony admitted at trial, a party must
make a timely objection that states the specific grounds for the objection, if not apparent from the
record. Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1). If a party specifically objects at
trial on one basis but asserts another basis on appeal, error has not been properly preserved. 
Johnson v. State, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990); Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990).

 Appellant objected that Jefferies' answer was nonresponsive and that "she was
attempting to go back and make a statement that she had just heard would be reversible error and
we object again." Appellant's trial objection did not assert bolstering as a basis. Jefferies' answer
was responsive about how she acted after the children told her the information. Appellant did not
properly preserve the appellate complaint that Jefferies' answer constituted bolstering of the
children's testimony. We overrule appellant's second point of error.

 By points of error three and four, appellant contends that the trial court erred by
overruling his objections to portions of the State's closing argument during the guilt-innocence
phase of trial. By point three, appellant complains about the State's reference to a portion of Dr.
Pierce's testimony. Pierce, a psychologist and a witness for the State, tested and interviewed
appellant. The following excerpt from the State's closing argument is relevant to appellant's third
point of error:



State's Attorney: Dr. Pierce came in and told you that I've looked at him and I
talked to him and I gave him these tests and he doesn't show to be a pedophile. 
But what else did Dr. Pierce say? That he's an average to high average or above
average intelligence. His report shows that. That he's very logical and goal
oriented. That he knew why he was there for a report that would be coming to the
court, that he was sane, he was competent, he was rational and the only way Dr.
Pierce could find him to be a pedophile was not from some tests and not from
some objective information, but only if the defendant would be willing to tell him
he was a pedophile.


Defense Attorney: Your Honor, that's going completely outside the record and
it's not in the testimony. Therefore, we object.


The Court: Overruled.



 Appellant argues on appeal that the State misquoted Pierce's testimony. According
to appellant, Pierce testified that pedophilia could not be diagnosed by the tests he gave appellant,
and that such a diagnosis must be based on repeated acts of pedophilia over a long period of time
as reported by the actor or some person with knowledge. The State responds that its statement
was a reasonable inference from Pierce's testimony because there were no other persons except
appellant with knowledge of the alleged acts.

 Jury argument, to be proper, must fall within one of the following areas: (1)
summation of the evidence presented at trial, (2) reasonable deduction drawn from the evidence,
(3) answer to the opposing counsel's argument, or (4) a plea for law enforcement. Borjan v. State,
787 S.W.2d 53, 55 (Tex. Crim. App. 1990); Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim.
App. 1988); Scott v. State, 867 S.W.2d 148, 152 (Tex. App.--Austin 1993, no pet.). Error exists
when facts not supported by the record are interjected. Cannon v. State, 668 S.W.2d 401, 404
(Tex. Crim. App. 1984). Counsel, however, is allowed wide latitude in drawing inferences from
the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good
faith. Gaddis, 753 S.W.2d at 398. Additionally, a reviewing court must consider the context in
which the remark appears. Id. When reviewing a jury argument complaint, an appellate court
will find reversible error only when, in light of the record as a whole, the argument was extreme
or manifestly improper, violative of a mandatory statute, or injected new facts harmful to the
accused into the trial. Borjan, 787 S.W.2d at 57.

 Pierce testified that he could not make a diagnosis by referring solely to the tests
given appellant. He would have to take the test results, do a clinical interview with appellant, and
then "see what comes out." After reviewing Pierce's testimony, we conclude that the trial court
did not err by overruling appellant's objection and the prosecutor's argument was a reasonable
deduction from the testimony. We overrule appellant's third point of error.

 By point four, appellant complains that the State again went outside the record
when it commented:



These kids are a classic study of sexually abused children according to Marge
Creasy. She didn't just spend three hours.



Marge Creasy, a mental health care professional, testified for the State. In her testimony, Creasy
described the symptoms of sexual abuse in children and said she observed these symptoms in the
complainants. Creasy did not, however, expressly refer to the complainants as a "classic study
of sexually abused children." The State asserts that its comment was not outside the record, but
was a reasonable summary of Creasy's testimony or a reasonable inference from her testimony. 
Considering the evidence presented, this was a reasonable inference. After reviewing Creasy's
testimony, we conclude that the trial court did not err by overruling appellant's objection. We
overrule appellant's point four.

 We affirm the trial court's judgment.


Before Justices Powers, Jones and B. A. Smith

Affirm

Filed: June 12, 1996

Do Not Publish



e a pedophile. 
But what else did Dr. Pierce say? That he's an average to high average or above
average intelligence. His report shows that. That he's very logical and goal
oriented. That he knew why he was there for a report that would be coming to the
court, that he was sane, he was competent, he was rational and the only way Dr.
Pierce could find him to be a pedophile was not from some tests and not from
some objective information, but only if the defendant would be willing to tell him
he was a pedophile.


Defense Attorney: Your Honor, that's going completely outside the record and
it's not in the testimony. Therefore, we object.


The Court: Overruled.



 Appellant argues on appeal that the State misquoted Pierce's testimony. According
to appellant, Pierce testified that pedophilia could not be diagnosed by the tests he gave appellant,
and that such a diagnosis must be based on repeated acts of pedophilia over a long period of time
as reported by the actor or some person with knowledge. The State responds that its statement
was a reasonable inference from Pierce's testimony because there were no other persons except
appellant with knowledge of the alleged acts.

 Jury argument, to be proper, must fall within one of the following areas: (1)
summation of the evidence presented at trial, (2) reasonable deduction drawn from the evidence,
(3) answer to the opposing counsel's argument, or (4) a plea for law enforcement. Borjan v. State,
787 S.W.2d 53, 55 (Tex. Crim. App. 1990); Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim.
App. 1988); Scott v. State, 867 S.W.2d 148, 152 (Tex. App.--Austin 1993, no pet.). Error exists
when facts not supported by the record are interjected. Cannon v. State, 668 S.W.2d 401, 404
(Tex. Crim. App. 1984). Counsel, however, is allowed wide latitude in drawing inferences from
the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good
faith. Gaddis, 753 S.W.2d at 398. Additionally, a reviewing court must consider the context in
which the remark appears. Id. When reviewing a jury argument complaint, an appellate court
will find reversible error only when, in light of the record as a whole, the argument was extreme
or manifestly improper, violative of a mandatory statute, or injected new facts harmful to the
accused into the trial. Borjan, 787 S.W.2d at 57.

 Pierce testified that he could not make a diagnosis by referring solely to the tests
given appellant. He would have to take the test results, do a clinical interview with appellant, and
then "see what comes out." After reviewing Pierce's testimony, we conclude that the trial court
did not err by overruling appellant's objection and the prosecutor's argument was a reasonable
deduction from the testimony. We overrule appellant's third point of error.

 By point four, appellant complains that the State again went outside the record
when it commented:



These kids are a classic study of sexually abused children according to Marge
Creasy. She didn't just spend three hours.



Marge Creasy, a mental health care professional, testified for the State. In her testimony, Creasy
described the symptoms of sexual abuse in children and said she observed these symptoms in the
complainants. Creasy did not, however, expressly refer to the complainants as a "classic study
of sexually abused children." The State asserts that its comment was not outside the rec