Thomas Henry **RHODES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42330.

Court of Criminal Appeals of Texas.

Jan. 14, 1970.

Rehearing Denied March 4, 1970.

Harry M. Reasoner, Charles T. Newman, Jr., Charles L. Berry, Houston, (court appointed attys.) for appellant.

Carol C. Vance, Dist. Atty., James C. Brough and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, enhanced by two prior convictions for burglary (Art. 63 P.C.) life.

The indictment alleged that the assault was committed on R. E. Kelnar. Trial was before a jury on a plea of not guilty and upon appellant's election the jury found that appellant was the same person previously convicted as alleged in the indictment and assessed his punishment at life imprisonment in the Texas Department of Corrections.

The sufficiency of the evidence to sustain the jury's verdict finding appellant guilty of the primary offense is not challenged. The state's evidence was that R. E. Kelnar and his partner, Police Officers of the City of Houston, while on patrol in uniform and in a marked patrol car, saw appellant and Billy Conrad Alston attempting to burglarize Pyles Cafe in Houston. When the patrol car stopped and backed up appellant and Alston fled down an alley, dropping a crowbar and screwdriver on the concrete drive. Officer Kelnar pursued them into a garage and storage area and, shining his five-cell flashlight, saw appellant standing in the garage with a pistol in his hand and told him he was a police officer.

Both appellant and Alston fired their pistol at Kelnar, appellant firing five or six shots which chipped a protruding corner edge of a store room which was in line with Officer Kelnar.

Appellant testified that he and Alston were standing front of the cafe but were not attempting to burglarize the building; had no crowbar or screwdriver and no pistol, and that all of the shooting was by the officer.

The issues raised by appellant's testimony were submitted to the jury and resolved against him.

Appellant's ground of error No. 1 complains that the court erred in using the prior convictions for enhancement. The ground of error is predicated upon the contention that at both the 1956 and the 1962 trials appellant was denied the effective aid of counsel guaranteed by the Sixth Amendment of the United States Constitution.

This contention is bottomed upon the fact that appellant had negotiated with

counsel for the state and had agreed to the offer of a recommended term upon a plea of guilty before counsel was appointed to represent him.

The indictment alleged a prior conviction for burglary in Criminal District Court No. 3 of Harris County on February 16, 1956. This conviction upon a plea of guilty before the court, with punishment assessed at 2 years in the penitentiary, was proved by certified copies of the record as well as by the testimony, which includes the testimony of the appellant, and stipulations between appellant and his counsel and counsel for the state.

At a hearing on a motion filed by appellant's counsel, appellant testified before the court that at the time he "made a deal with the prosecuting attorney" and agreed to plead guilty he did not have counsel, but that counsel was appointed the same day who asked him if he knew what he was doing and the nature and consequence of his plea of guilty and conferred with him; that he knew that he was pleading guilty to the offense of burglary and could receive two or twelve years or anything in between; that the judge of the court admonished him and that he was guilty of the offense was the reason he pled guilty.

The second prior conviction alleged for enhancement was on November 16, 1962, upon indictment alleging the offense of burglary, the conviction on February 16, 1956, being alleged for enhancement of punishment (Art. 62 P.C.).

The proof shows that on November 16, 1962, the allegation as to the prior conviction was dismissed from the indictment and appellant, represented by competent counsel, waived a jury and pleaded guilty and the court assessed the punishment at six years. On the same day appellant pleaded guilty in three other felony cases and was assessed like terms which were not cumulated.

Appellant testified before the court that he had no attorney on November 16, 1962, until he had rejected the offer of the prosecuting attorney to recommend a term of eight years and had agreed to an offer of six years on a plea of guilty. He further testified that counsel who was appointed to represent him advised him that he could receive the maximum punishment of 12 years and "take a chance of getting stacked sentences," and advised him to agree upon the six year recommendation by the prosecuting attorney; that he understood that the judge would assess the punishment; that the judge admonished him at the time and asked him if the only reason he was pleading guilty was because he was guilty and for no other reason, and that he did plead guilty because he was guilty and for no other reason, and did so after he conferred with counsel who was appointed to represent him.

■  The record does not support appellant's contentions (A) that he was denied the effective aid of counsel, (B) the guilty pleas in 1956 and 1962 were not voluntarily or understandingly made or (C) that a factual issue involved in the plea that appellant was denied effective aid of counsel in the two prior convictions should have been submitted to the jury.

The second ground of error which appellant attempts to support by authority relates to the following argument of counsel for the state:

"Now there are a number of verdicts you can reach in this case. You may find the defendant guilty of assault to murder with malice aforethought or assault to murder without malice aforethought. You may find him guilty of aggravated assault or find him not guilty. There are a number of stands that you, as citizens of this county, may take. You can, on the one hand, say to Officer R. E. Kelnar, Officer A. T. Hermann, and Officer A. J. Crow, and all of the rest of them with the Houston Police Department: 'You may go and do the best you can to stop crime. We

don't mind if you get shot; we don't care, and we are not going to support law enforcement in this county.' Or by your verdict you may say, 'Officer Kelnar and those that serve with you, we are proud of you and we appreciate what you are doing for us. We want to help in every way that we can. When Thomas Henry Rhodes takes his pistol and tries to kill you, we are going to support you and find him guilty of the offense of assault to murder with malice aforethought, because this is what he did.' When you go back in there, you will take one stand or the other."

Appellant objected:

"I would like to object to counsel's argument based on the premise that the jury should consider law enforcement in the City of Houston or County of Harris in connection with their verdict in this case in that it is irrelevant to the issues here, and I ask that the court instruct the jury to disregard it,"

and the court instructed the jury: "You will disregard the last argument of counsel for the state."

After the jury had retired to deliberate, a motion for mistrial was made, one of the grounds being:

"And I would like to move for a mistrial based on the ground that the prosecutor improperly sought to have the jury consider law enforcement and law enforcement policy as a whole in the City of Houston, a matter which has nothing to do with the guilt or innocence of this defendant."

This motion was overruled.

■ The argument complained of was a mere plea for law enforcement. Parks v. State, Tex.Cr.App., 400 S.W.2d 769, 772. Counsel was urging the jury to do its duty and find appellant guilty of assault with intent to murder with malice "because that is what he did."

We find nothing in the complained of remarks which reflects that counsel was giving unsworn testimony. Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262, is easily distinguishable. There the prosecutor referred to what the people in the dry area of De Soto wanted in regard to the local option liquor case on trial before jurors from wet areas.

In the case at bar the prosecution was urging the jury to convict of assault with intent to murder with malice because appellant was guilty of that offense though his bullets missed their target.

The trial court did not err in overruling the motion for mistrial.

The remaining grounds of error have been considered and we find no reversible error in the case.

The judgment is affirmed.