**Billy Conrad ALSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43090.**

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

John R. Coe, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Wells Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, 25 years.

This is a companion case to Rhodes v. State, Tex.Cr.App., 450 S.W.2d 329 (tried July 18, 1968).

The indictment returned January 31, 1967, alleged that appellant, on or about the 28th day of October, 1966, did with malice aforethought in and upon R. E. Kelnar make an assault with intent to kill the said R. E. Kelnar. Two prior convictions for a felony less than capital were alleged for enhancement of punishment (Art. 63, Vernon's Ann.P.C.).

Trial before a jury which began June 6, 1968, resulted in a verdict of guilty. The punishment was assessed by the court.

Sentence was pronounced and notice of appeal was given June 28, 1968.

The record on appeal was approved June 2, 1969. Time for filing appellant's brief having been extended, appellant's brief was filed in the trial court on March 26, 1970, and the record on appeal and briefs were filed in this court April 29, 1970.

Six grounds of error are set forth in appellant's brief, the first five of which relate to the court's charge.

Ground of error No. 6 complains "That the verdict of the jury in this cause is not in accordance with the law as the evidence is insufficient to support the jury's finding of assault to murder, with malice aforethought. Further, that the court failed to charge the jury on the law of aggravated assault, a lesser offense."

Ground of error No. 6 does not comply with the requirements of Art. 40.09(9) Vernon's Ann.C.C.P. that the brief set forth separately each ground of error of which defendant desires to complain on appeal.

We note, however, that as in Rhodes v. State, supra, the state's evidence was sufficient to sustain a finding by the jury that appellant and Rhodes fled from the scene of an attempted burglary upon the approach of Police Officer Kelnar and his partner, who pursued them into a garage or storage area and were fired upon by both appellant and Rhodes after Officer Kelnar had announced that they were peace officers. Also, the state's evidence reflects that appellant fired six times and had a revolver with six spent shells stuck in his belt when he was captured by Officer Herman who shot him in the foot.

Proof of the intentional shooting of one with a gun is sufficient to authorize a jury to find that the shooting was actuated by malice. Ortegon v. State, Tex.Cr.App., 459 S.W. 646, and cases cited.

There was no evidence raising the issue of lack of intent by appellant to kill. In fact appellant's theory, shown by the testimony of his witness Rhodes and by his own testimony in the jury's absence on his motion to suppress the officers' testimony, was that neither appellant nor Rhodes was

armed; neither was attempting to burglarize the cafe and neither fired or made an assault upon either of the officers in resisting arrest, or for any other reason.

Nevertheless, the court in his charge instructed the jury on the law of self-defense and also charged:

"A peace officer may arrest, without obtaining a warrant of arrest, an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony. Attempted burglary is a felony. The offense of burglary is constituted by entering a house by force and breaking, with the intent to commit the crime of theft or any felony. An attempt to commit burglary is an endeavor to accomplish the crime of burglary carried beyond mere preparation, but falling short of the ultimate design in any part of it. But a person has a right to resist an unlawful arrest with any force which appears to him at the time to be reasonably necessary even to the extent of taking the officer's life.

"Therefore, if you believe from the evidence or have a reasonable doubt thereof that the Defendant was not committing the offense of attempted burglary when Officers Kelnar and Herman attempted to arrest him, if they did, and that the Defendant used force, if he did, to resist arrest, then you will find the Defendant not guilty because, if the Defendant was not committing the offense of attempted burglary, the arrest would have been unlawful and the Defendant would have been entitled to resist such arrest with all force that seemed to him reasonably necessary at the time."

Grounds of error Nos. 1 to 5, which complain respectively that the court failed to charge as to the law of unlawful arrest; to define "unlawful arrest"; to instruct as to probable cause to make an arrest; to charge on the amount of force that the defendant, if illegally arrested, could use to extricate himself and on the use of excessive force in effecting a legal arrest, are overruled.

The judgment is affirmed.[1]

1. Attention is directed to the fact that the appellant must be allowed credit upon his sentence from June 28, 1968 (the date of sentence) to the date the mandate affirming the conviction is issued, for time spent in jail pending his appeal. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.