**Billy Conrad ALSTON**

v.

**STATE OF TEXAS.**

**Civ. A. No. 71–H–701.**

United States District Court,
S. D. Texas,
Houston Division.

March 6, 1972.

John O. Kain, Powell, Tucker, Kain & Reedy, Houston, Tex., for petitioner.

Lonny F. Zweiner, Asst. Atty. Gen., Austin, Tex., for respondent.

MEMORANDUM AND ORDER:

SEALS, District Judge.

Petitioner, a prisoner in State custody, was convicted of assault with intent to commit murder and was sentenced as an habitual criminal to 25 years imprisonment on June 28, 1968. Judgment was affirmed by the Court of Criminal Appeals on October 28, 1970, Alston v. State, 458 S.W.2d 820 (Tex.Cr.App., 1970). The instant application was filed in this court on June 25, 1971. Since he here alleges the same grounds as those presented on his direct appeal, Petitioner has fully exhausted his State remedies.

On July 26, 1971, Respondent moved to dismiss for the reason that Petitioner's allegations do not raise any issue cognizable on federal habeas corpus relief. In its motion to dismiss, Respondent explained that, for such reason, no "Record of the Appellate Proceedings" was attached, but that, "if the Court feels that such Record is required for a decision, Respondent will submit a copy."

On October 7, 1971, Petitioner submitted to the Court his reply to Respondent's motion to dismiss, accompanied by a request for appointment of counsel. Petitioner correctly argued in his reply that Respondent's motion to dismiss failed to support its assertions by citing applicable case law.

On February 23, 1972, Petitioner's newly-appointed counsel submitted a motion for production of transcript and statement of facts. Respondent shortly thereafter objected to the furnishing of these records and urged the Court to deny the request. Respondent therein cited the standing policy of the Court of Appeals, recently affirmed in Colbert v. Beto, 439 F.2d 1130 (C.A. 5, 1971), that

"* * * an indigent does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error * * *" *Colbert*, at 1131.

This Court, so far from quarreling with this judicious policy, has on numer-

ous occasions utilized it to deny to indigents a carte blanche to review their transcripts at State expense. But the rule of *Colbert* and its progeny, as the Court of Appeals acknowledges, must necessarily be restricted to cases in which the prisoner seeks to obtain the transcript

> "merely to search for possible error in order to file a petition for collateral relief at some future date." *Id.*, at 1131.

Colbert himself had

> "no appeal or petition for post-conviction relief pending at this time." *Id.*

In the case at bar, Petitioner's application is presently pending and has been pending for more than eight months. Petitioner's court-appointed counsel cannot frame an adequate reply to Respondent's motion to dismiss nor can the Court consider that motion in a responsible manner, without access to the State court record.

This Court is concerned, as every organ of State and federal government is concerned, about the volume of habeas corpus applications that seem to descend upon the district courts in a geometrically-increasing crescendo. But the approach taken by Respondent in the present instance offers no solution. A mass of paper has already accumulated as a result of a dispute whose settlement is preliminary to any further progress in this case. Eight months have elapsed since the initial filing, and four parties —Petitioner, court-appointed counsel, Respondent and this Court—are now involved, and yet the case is not significantly closer to resolution than it was on the day it was initiated in this Court. On the basis of controlling judicial authority, as well as common sense and sound judicial administration, the Court will require Respondent to produce the records requested by Petitioner.

Accordingly, Respondent is granted 30 days from the date of this order in which to furnish to Petitioner's counsel a copy of the requested transcript and statement of facts.