ACCEPTED
13-15-00070-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/6/2015 8:05:23 AM
CECILE FOY GSANGER
CLERK

NO. 13-15-00070-CR

IN THE COURT OF APPEALS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

THIRTEENTH SUPREME JUDICIAL DISTRICT

8/6/2015 8:05:23 AM

CECILE FOY GSANGER
Clerk

FOR THE STATE OF TEXAS


JOSE BARBONTIN SALAS,
APPELLANT


VS.


THE STATE OF TEXAS,
APPELLEE


ON APPEAL IN TRIAL COURT NO. 14-05-11,997


FROM THE 24TH JUDICIAL DISTRICT COURT


DeWITT COUNTY, TEXAS


BRIEF FOR APPELLE


MICHAEL A. SHEPPARD          ROBERT C. LASSMANN
DISTRICT ATTORNEY            ASST. DISTRICT ATTORNEY
DeWITT COUNTY COURTHOUSE     DeWITT COUNTY COURTHOUSE
CUERO, TEXAS 77954           CUERO, TEXAS 77954
STATE BAR #18230700          STATE BAR #11969900
(361) 275-2612               (361) 275-2612
masheppard1@sbcglobal.net    rclassmann1@sbcglobal.net


ATTORNEYS FOR APPELLEE

ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

Nature of the Case...................................2

Reply Point One
     THE PROSECUTOR DID NOT ASK IMPROPER COMMITMENT
     QUESTIONS DURING VOIR DIRE......................3

Reply Point Two
     DURING ITS CLOSING ARGUMENT, THE STATE MADE A
     VALID PLEA FOR LAW ENFORCEMENT..................3

Reply Point Three
     NO ERROR WAS COMMITTED WHEN A STATE'S WITNESS
     STATED THAT APPELLANT WAS ON PAROLE.............3

Statement of the Facts...............................4

Summary of the Arguments.............................6

Reply Point One Restated.............................7

Arguments and Authorities for Reply Point One........7

Reply Point Two Restated............................12

Arguments and Authorities for Reply Point Two.......12

Reply Point Three Restated..........................14

Arguments and Authorities for Reply Point Three.....14

Prayer..............................................20

Certificate of Service..............................21

Certificate of Compliance...........................22

# LIST OF AUTHORITIES

**Case**                                                                    **Page**

Alba v. State 905 S.W.2d 581 (Tex.Crim.App. 1995)..... 16

Allridge v. State, 850 S.W.2d 471 (Tex.Crim.App.
    1991), *cert. denied* 510 U.S. 831, 114 S.Ct.
    101, 126 L.Ed.2d 68 (1993)....................... 7

Barajos v. State, 93 S.W.3d 48 (Tex.Crim.App. 2002)... 11

Borjan v. State, 787 S.W2d 53 (Tex.Crim.App. 1990).... 13

Chatman v. State, 509 S.W.2d 868 (Tex.Crim.App. 1974). 12

Gosch v. State, 829 S.W.2d 775 (Tex.Crim.App. 1991)... 16

Hawkins v. State, 135 S.W.3d 762 (Tex.Crim.App. 2004). 12

Hicks v. State, 545 S.W.2d 805 (Tex.Crim.App. 1977)... 13

Hicks v. State, 2002 WL 31388902 (Tex.App. - Houston
    [1st Dist.] 2012)................................ 18

Lane v. State, 933 S.W.2d 504 (Tex.Crim.App. 1996).... 15

Rhodes v. State, 450 S.W.2d 329 (Tex.Crim.App. 1970).. 13

Rodriguez v. State, 552 S.W.2d 451 (Tex.Crim.App.
    1977)........................................... 12

Shippy v. State, 556 S.W.2d 246 (Tex.Crim.App. 1977).. 13

Standefer v. State, 59 S.W.3d 177 (Tex.Crim.App.
    2001)........................................8,9, 11

Stine v. State, 300 S.W.3d 52 (Tex.App. - Texarkana
    2009, pet. dism'd)............................. 18, 19

Wyatt v. State, 23 S.W.3d 18 (Tex.Crim.App. 2000)..... 17

**<u>Other References</u>**

Texas Rules of Evidence (Vernon's Ann.)
    Rule 403....................................... 14, 16
    Rule 404(b)....................................14,15,16

**CAUSE NO. 13-15-00070-CR**

_____

**IN THE COURT OF APPEALS**

**FOR THE**

**THIRTEENTH SUPREME JUDICIAL DISTRICT**

**OF TEXAS**

**AT CORPUS CHRISTI, TEXAS**

_____

**JOSE BARBONTIN SALAS,**
**APPELLANT**

**VS.**

**THE STATE OF TEXAS,**
**APPELLEE**

_____

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, the State of Texas, the prosecuting

authority in Cause No. 14-05-11,997 in the 24th

Judicial District Court of DeWitt County, Texas, the

Honorable Jack Marr, presiding, and Appellee before the

Court of Appeals, and respectfully submits this brief in reply to the brief filed by Appellant, Jose Barbontin Salas, appealing his conviction for evading arrest or detention with a vehicle and habitual felon.

For convenience, the parties will be referred to as "Appellant" and "State." The Clerk's Record will be designated as "(CR)" and the Reporter's Record will be designated as "(RR)."

## NATURE OF THE CASE

Appellant was charged by indictment with the felony offense of evading arrest or detention with a motor vehicle and habitual felon in Cause No. 14-05-11,997 (CR. 7).

On January 21, 2015, a jury found Appellant guilty of evading arrest or detention with a vehicle as alleged in the indictment. (CR 90). Appellant elected to have the jury assess punishment. After hearing

-2-

evidence, the jury found the enhancement paragraphs true and assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice with no fine. (CR 96). Thereafter, the trial court sentenced Appellant in accordance with the jury's findings. (CR. 100-103).

Appellant timely filed his Notice of Appeal. (CR 98).

## **REPLY POINT ONE**

**THE PROSECUTOR DID NOT ASK IMPROPER COMMITMENT QUESTIONS DURING VOIR DIRE.**

## **REPLY POINT TWO**

**DURING ITS CLOSING ARGUMENT, THE STATE MADE A VALID PLEA FOR LAW ENFORCEMENT.**

## **REPLY POINT THREE**

**NO ERROR WAS COMMITTED WHEN A STATE'S WITNESS STATED THAT APPELLANT WAS ON PAROLE.**

## STATEMENT OF THE FACTS

### Commitment Questions

The District Attorney, Michael Sheppard, asked whether the jury panel could justify assessing a maximum sentence under the appropriate circumstances. Appellant's trial counsel objected as to the word "assess," stating that the word should be "consider." Mr. Sheppard responded that consider and assess are the same thing. The Trial Court overruled Appellant's objection and granted a running objection. (2 RR 141). Another running objection was granted as to the same thing later during voir dire. (2 RR 155).

### Plea for Law Enforcement

During its first closing argument, the State said, "So we ask that as a conscience of our community that you take this duty very..." at which point Appellant's counsel objected as to improper argument as to what the

community desires.  (3 RR 123).  After discussion, the trial court stated, "He has simply acknowledged that he is arguing to them that they represent the community. That's not improper.  So I'm noting your objection by I'm overruling your objection...."  (3 RR 126).

### State's Witness/Appellant on Parole

During the questioning of Sheriff's Deputy Carl Bowen, the State asked him what Appellant was running from, to which Bowen replied that he was running from a Yoakum Police Officer.  The next question elicited the objected to answer.  Bowen was asked what Appellant told him as to whether or not Appellant saw the officer chasing him, and Bowen answered, "Yes.  He did.  He said, man I saw him behind me and I didn't want to stop. I'm on parole and I didn't want to go back to jail."  At that time, Appellant's counsel objected.  (3 RR 88-9).

After the object was lodged and discussion was had at the bench, the Trial Court sustained Appellant's objection and instructed the jury to disregard that portion of the testimony that referred to Appellant being on parole. (3 RR 90-1).

## SUMMARY OF THE ARGUMENTS

It is the State's position that the prosecutor did no ask improper commitment questions during voir dire. The prosecutor used the words "consider" and "assess" interchangeably. The attorney did not attempt to bind a juror to a verdict, but was merely asking the panel whether or not they could consider the high end of the range of punishment. This is a proper line of questioning the voir dire and did not require any venireman to commit to any punishment. As such, no error was committed.

Secondly, the State's argument during closing was

not error as it was a valid plea for law enforcement. A jury is the conscience of the community. The prosecutor's statements during closing were not error.

Finally, the Trial Court cured any error of the State's witness informing the jury that Appellant was on parole, which was why he was running from law enforcement by instructing the jury panel to disregard. The State would argue that the response was a valid answer to a question and that the jury was entitled to know that information.

## REPLY POINT ONE RESTATED

**THE PROSECUTOR DID NOT ASK IMPROPER COMMITMENT QUESTIONS DURING VOIR DIRE.**

### ARGUMENTS AND AUTHORITIES FOR REPLY POINT ONE

An attorney cannot attempt to bind or commit a prospective juror to a verdict based on a hypothetical set of facts. *Allridge v. State*, 850 S.W.2d 471 (Tex.

-7-

Crim.App. 1991), *cert. denied* 510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993).

The court of appeals analyzes the State's questioning in light of *Standefer v. State*, 59 S.W.3d 177 (Tex.Crim.App. 2001), which set forth a three-prong test to determine whether a voir dire question calls for an improper commitment.

The first prong of *Standefer* asks whether a particular question is in fact a commitment question. The court of appeals has held that when the question posed by the State requires prospective jurors to commit to convict a defendant or to resolve issues concerning witness credibility under a particular set of facts, then the first prong of *Standefer* is met.

To address the second prong of *Standefer*, the court of appeal must look to whether the commitment question gives rise to a valid challenge for cause.

Finally, the third prong of *Standefer* asks whether the question included only "necessary facts." According to the court of appeals, the "key" to understanding the third prong of *Standefer* is that a hypothetical cannot contain too many case-specific facts.

In the case at bar, the prosecutor used the word "consider" and "assess" interchangeably during voir dire. Assuming, arguendo, that the questions were commitment questions, and going to the second prong of the *Standefer* test, a challenge for cause could have been lodged had a juror not agreed with the prosecutor's questions as that juror would not have been able to consider the high end range of punishment (which did NOT happen in the case at bar). Thus, the second prong of *Standefer* has not been satisfied. Even if it had, the third prong of the test has not been

met.  The prosecutor did not inject specific facts in the hypothetical.  The important part of the prosecutor's questioning are the facts within the questions.  Each one dealt with whether the juror could consider (or assess) the high range of punishment for this crime if Appellant was found to be a habitual felon, which raised the maximum range of punishment considerably.  The State did not attempt to commit the prospective jurors in conjunction with specific facts of the case because the questions were not unnecessarily fact intensive, but only included those facts necessary to determine whether a prospective juror was challengeable for cause.

The State's commitment questions were not designed to bind the prospective jurors to a position based on a particular set of facts, but sought to elicit whether the jurors could impartially follow the law in

considering or assessing the higher range of punishment.

In reviewing a trial court's ruling on an improper commitment question during voir dire, the court appeals uses an abuse of discretion standard. *Barajos v. State*, 93 S.W.3d 48 (Tex.Crim.App. 2002). *Standefer* even held that commitment questions concerning a juror's ability to consider the full range of punishment for a particular offense meet the definition of a commitment question but are nevertheless proper. *Standefer* at 181.

For these reasons, Appellant's Point of Error No. One should be denied and the trial court should be in all things affirmed.

## REPLY POINT TWO RESTATED

## DURING ITS CLOSING ARGUMENT, THE STATE MADE A VALID PLEA FOR LAW ENFORCEMENT.

### ARGUMENTS AND AUTHORITIES FOR REPLY POINT TWO

Permissible areas of closing argument are (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to arguments of opposing counsel; (4) plea for law enforcement; (5) matters of common knowledge; and (6) accurate restatement or clarification of jury instructions. See *Hawkins v. State*, 135 S.W.3d 762 (Tex.Crim.App. 2004).

Informing jurors that they are the "last link in law enforcement" has been held proper. *Chatman v. State*, 509 S.W.2d 868 (Tex.Crim.App. 1974); *Rodriguez v. State*, 552 S.W.2d 451 (Tex.Crim.App. 1977).

Likewise, informing jurors of the effect their verdict will have on a particular segment of the

-12-

community, such as law enforcement, has been held proper. See *Borjan v. State*, 787 S.W.2d 53 (Tex. Crim.App. 1990); *Rhodes v. State*, 450 S.W.2d 329 (Tex.Crim.App. 1970).

The State is also allowed to inform the jurors about deterring crime, i.e. tell the community that this kind of crime should not be tolerated. See *Shippy v. State*, 556 S.W.2d 246 (Tex.Crim.App. 1977); *Hicks v. State*, 545 S.W.2d 805 (Tex.Crim.App. 1977).

In the case at bar, the prosecutor merely was informing the jury that they are the conscience of the community (a plea for law enforcement) and of their civic duty.

For these reasons, Appellant's Point of Error No. Two should be denied and the trial court should be in all things affirmed.

## **REPLY POINT THREE**

## **NO ERROR WAS COMMITTED WHEN A STATE'S WITNESS STATED THAT APPELLANT WAS ON PAROLE.**

## **ARGUMENTS AND AUTHORITIES FOR REPLY POINT THREE**

Appellant complains that the trial court abused its discretion in allowing the State to elicit evidence regarding Appellant's status as a parolee for the offense of evading arrest or detention with a vehicle in violation of Texas Rules of Evidence 403 and 404(b). At trial Officer Bowen testified, in response to the question "and did he tell you that he saw cops chasing him? Answer: "Yes, He did. He said, man, I saw him behind me and I didn't want to stop. I'm on parole and I didn't want to go back to jail." According to Appellant, this testimony violates rules 404(b) and 403.

An appellate court reviews a trial court's decision to admit or exclude evidence for abuse of discretion. *Lane v. State*, 933 S.W.2d 504, 519 (Tex.Crim.App.1996). Rule 404(b) provides,

> "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction."

Tex.R. Evid. 404(b). The State contends that Bowen's testimony was admissible to establish Appellant's motive. Although motive is not an element of evading arrest or detention with a vehicle, the State is entitled to offer evidence of motive, even if it involves extraneous acts, if the evidence is relevant as a circumstance tending to prove the commission of

-15-

the offense. *Gosch v. State,* 829 S.W.2d 775, 783 (Tex.Crim.App.1991). Here, Appellant's desire to avoid being incarcerated for violating his parole was the triggering factor of the chain of events which ultimately resulted in the evading arrest or detention with a vehicle.

However, evidence admissible under rule 404(b) is still subject to exclusion under rule 403 if it is more prejudicial than probative. *Alba v. State*, 905 S.W.2d 581, 585 (Tex.Crim.App.1995); *Gosch*, 829 S.W.2d at 783. Appellate courts presume that the trial court engaged in a balancing test under rule 403. In determining whether the probative value of the evidence is greatly outweighed by the danger of unfair prejudice, the trial court should have weighed the following factors: (1) its inherent probativeness, i.e., how compellingly evidence of the extraneous misconduct serves to make

more or less probable a fact of consequence; (2) the potential of the extraneous conduct to impress the jury in some irrational but nevertheless indelible way; (3) the amount of trial time needed by the proponent to develop evidence of the extraneous misconduct such that the jury's attention is diverted from the charged offense; and (4) the degree of the proponent's "need" for the extraneous misconduct. *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex.Crim.App.2000).

Here, the evidence of Appellant's parole status explained why he evaded arrest. Without the evidence that Appellant was on parole and did not want to go back to jail, the jury would have been unable to understand why Appellant did not wish to be apprehended. The trial court granted Appellant's objection as to the extraneous offense (even though the underlying extraneous offense was never identified on

the record), granted a curative instruction and denied Appellant's motion for mistrial. As such, the evidence was not admitted before the jury as they were told to disregard the same.

As noted previously, the State never inquired into the underlying facts concerning the underlying parole crime. And, the bulk of the testimony at trial concerned Appellant's evading arrest or detention and his eventual apprehension, not his status as a parolee or any alleged violation of his parole. Finally, the evidence of Appellant's guilt was substantial and not rebutted by other evidence. Therefore, even if the trial court had committed error, any such error would be harmless. See also *Hicks v. State*, 2002 WL 31388902 (Tex.App. - Houston [1st Dist.] 2012).

Appellant's reliance on *Stine v. State*, 300 S.W.3d 52 (Tex.App. - Texarkana 2009, pet. dism'd)is

misplaced. The court in *Stine* upheld the conviction and upheld the ADMISSION of extraneous parole violations. In the case at bar, the trial court did not admit the extraneous offense of "parole" and instructed the jury to disregard. As in *Stine*, evidence of guilt was overwhelming. In *Stine*, the actual felony and misdemeanor convictions were admitted to the jury. In the case at bar, only a reference to "parole" was mentioned. In *Stine*, the extraneous offense testimony was solicited from the testifying officer. In the case at bar, the "parole" reference by the testifying officer was not solicited. Further, in the case at bar, the "parole" factor was never mentioned or argued by the State.

For these reasons, Appellant's Point of Error No. Three should be in all things denied and the trial court should be in all things affirmed.

-19-

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State of Texas asks this Honorable Court to affirm and uphold the findings and rulings of the Trial Court.

Respectfully submitted,

MICHAEL A. SHEPPARD
District Attorney
24th Judicial District
DeWitt County Courthouse
Cuero, Texas 77954
(361) 275-2612
(361) 275-3282 [fax]


BY:/s/ Robert C. Lassmann
     Robert C. Lassmann
     Asst. Dist Attorney
     State Bar No.11969900
     Attorney for State

-20-

## CERTIFICATE OF SERVICE

I, Robert C. Lassmann, Assistant District Attorney, 24th Judicial District of Texas and Attorney for Appellee, hereby certify that I have on this the 5th day of August, 2015, delivered, by deposit in the U.S. Mail, to Mr. David Alan Disher, at 1167 FM 2144, Schulenburg, Texas 78956, as attorney for Appellant, a true copy of the foregoing "Appellee's Brief", in Cause No. 13-15-00070-CR styled "Jose Barbontin Salas, Appellant vs. The State of Texas, Appellee."

/s/  Robert C. Lassmann
Robert C. Lassmann

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 2,669 words (excluding the caption, table of contents, table of authorities). This is a computer-generated document created in WordPerfect X6, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/  Robert C. Lassmann
Robert C. Lassmann