

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00125-CR

AARON CALEB SWENSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 20F0504-102

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Aaron Caleb Swenson, while driving on Interstate 30 through the Texarkana area, broadcast on a live Facebook stream that he was hunting area police officers to shoot and kill. The local authorities became aware of Swenson's broadcast, located him, and ultimately surrounded him. Swenson fled in his truck, which resulted in a high-speed chase. Swenson was eventually stopped and arrested. He pled guilty to evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04.[1] As a result, he was sentenced to ten years' imprisonment.

On appeal, Swenson complains that the State made an improper closing argument during his trial. Because we find nothing improper in the State's closing argument, we overrule his sole point of error and affirm the trial court's judgment.

## I. Background

On the night of April 11, 2020, Swenson consumed psychedelic mushrooms and drove around Texarkana. Using his cell phone and the Facebook app, he broadcast his ride and declared his intentions to find and kill a police officer. He was armed with two semi-automatic pistols, a shotgun, and a katana sword. All firearms were loaded, and he had in excess of 150 rounds of ammunition with him. Evidence from his Facebook accounts was introduced at trial detailing about two months of posts where he derided and made threatening and demeaning statements about law enforcement officers.

---

[1]In a separate indictment, Swenson was charged with terroristic threat and attempted capital murder. Swenson pled guilty to the charge of terroristic threat, and the jury made an affirmative finding that that crime was committed because of his bias or prejudice against peace officers. *See* TEX. PENAL CODE ANN. § 12.47, § 22.07 (Supp.). Because Swenson does not challenge his conviction or sentence of twenty years for terroristic threats, they stand. As to the attempted capital murder charge, *see* TEX. PENAL CODE ANN. § 15.01, § 19.03 (Supp.), Swenson went to trial and the jury convicted him of that count. For our resolution of Swenson's appeal of the attempted capital murder conviction, see our opinion in cause number 06-21-00126-CR, issued on even date herewith.

Law enforcement located Swenson and followed him to a Sonic restaurant in Nash. Swenson left the restaurant's parking lot and, with officers following him for several miles and approximately twenty or more minutes with emergency lights and sirens activated, tried to get away from the police. The police deployed a spike strip, which ultimately punctured a tire on Swenson's truck. Swenson continued fleeing for a few minutes. He finally came to a stop in Hooks. For about twenty minutes, he ignored officers' commands to exit his vehicle. Eventually, Swenson complied. He exited his pickup truck and was taken into custody without incident.

Swenson pled guilty to the indictment charging evading arrest or detention with a vehicle, and the jury recommended a sentence of ten years and a fine of $10,000.00.

## II. The State's Closing Argument Was Not Improper

In his sole point of error, Swenson complains that the State made an improper closing argument during trial. Swenson complains about the following statement:

> When you talk about punishment, punishment is what is right and just, not only for Mr. Swenson but for the men and women in blue and for members of your community. You, ladies and gentlemen, need to send a message this behavior in our community will not be tolerated, period. And you do that by giving him a life sentence.

Swenson objected, "Your Honor, note my objection to this argument." We will interpret this as an objection that the State's comment was not a proper plea for law enforcement.[2]

"In general, proper jury argument includes four areas: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3) answer to the opposing

---

[2]"[T]o preserve an issue for appeal, a timely objection must be made that states the specific ground of objection, if the specific ground was not apparent from the context." *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). "To be sufficiently specific, an objection need not employ 'hyper-technical or formalistic . . . words or phrases[.]'" *Ex parte Nuncio*, No. PD-0478-19, 2022 WL 1021276, at *3 (Tex. Crim. App. Apr. 6, 2022) (quoting *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018)).

counsel's argument; or (4) a plea for law enforcement. To constitute reversible error, the argument must be manifestly improper or inject new, harmful facts into the case." *Hudson v. State*, 128 S.W.3d 367, 377 (Tex. App.—Texarkana 2004, no pet.) (citing *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000)).

"The State may also argue the impact of the jury's verdict on the community." *Borjan v. State*, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990) (per curiam). "The State may not, however, argue that the community or any particular segment of the community expects or demands either a guilty verdict or a particular punishment." *Id.*

Swenson argues that "the State was arguing that the jury should not simply consider Swenson and his actions; rather, the jury should consider sending a message to law enforcement – a message that they are supported by the community." Yet, Swenson fails to explain how sending a message to law enforcement—that those officers are supported by the community—runs afoul of the above areas of proper argument.

In *Freeman v. State*, 340 S.W.3d 717 (Tex. Crim. App. 2011), the prosecutor in a capital murder case argued the following:

> And that law—this law of capital murder that we have, when this sort of tragedy and crime happens, they have the right to know that every day when they get up and they go to work, we understand what they're doing. We appreciate what they're doing. And we know that they're putting their lives on the line and making that sacrifice for us every single day.
>
> And they have the right to know that we believe that when someone guns down one of them, who is only trying to protect us, what's going to happen to them?
>
> And their wives and their mothers and their fathers need to also know that we appreciate the sacrifice that they make every day of their life. And defendants need to know that when you kill a cop, that is unacceptable. It is not tolerated. And it's certainly not going to be tolerated in Wharton County, Texas.

4

*Id.* at 729.  The Texas Court of Criminal Appeals described this argument as asking the jury "to send a deterrent message to criminals that killing a peace officer is unacceptable."  *Id.* at 729–30. The argument did not ask "the jury to forgo its duty and automatically answer the special issues in such a way that [Freeman] would receive the death penalty because the victim was a peace officer."  *Id.* at 730.  It "was a mere plea for law enforcement," and it was deemed permissible. *Id.*

Similarly, the Texas Court of Criminal Appeals in *Rhodes v. State*, 450 S.W.2d 329, 332 (Tex. Crim. App. 1970), found the following to be an appropriate plea for law enforcement:

> [B]y your verdict you may say, "Officer Kelnar and those that serve with you, we are proud of you and we appreciate what you are doing for us.  We want to help in every way that we can.  When Thomas Henry Rhodes takes his pistol and tries to kill you, we are going to support you and find him guilty of the offense of assault to murder with malice aforethought, because this is what he did."

*Id.* at 332.  Upon review, the court found that the State's attorney was urging the jury to find Rhodes guilty of intent to murder with malice because the evidence showed he was guilty of that crime. *Id.*

In *Alexander v. State*, 919 S.W.2d 756 (Tex. App.—Texarkana 1996, no pet.), we found no error in the following argument made by the State, "You give this man exactly what he deserves and what the victims in this case, or the victim's next of kin and loved ones, deserve, for this man to serve a life sentence.  It's only proper, and it serves the interest of this community as a whole."  *Id.* at 764.  We found this to be "an argument as to the impact of the jury's verdict on the community" and appropriate. *Id.*

Here, we can find nothing improper in the State's argument. In line with the cases cited above, the State urged the jury to assess a punishment commensurate with the nature of his offense, to show their support for law enforcement where Swenson's acts put many officers in danger, and to represent the community by taking seriously the danger Swenson bore to that community and its law enforcement officers. As a result, we overrule the point of error.

## III.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:    July 20, 2022
Date Decided:     October 7, 2022

Do Not Publish